<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL ALLEN,<br>a/k/a, PAUL M.C. ALLEN,<br><br>                Petitioner,<br><br>    v.<br><br>FED. BUREAU OF PRISONS, et al.,<br><br>                Respondents. | : : : : : : : : : : : : : : | **Hon. Freda L. Wolfson**<br><br>Civil No. 05-4502 (FLW)<br><br><br><u>OPINION</u> |

**APPEARANCES:**

    PAUL ALLEN, #40631-050
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner <u>Pro</u> <u>Se</u>

    JOHN ANDREW RUYMANN, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street, Room 430
    Trenton, New Jersey 08608
    Attorney for Respondents

<u>WOLFSON</u>, District Judge:

    Paul Allen, an inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") 10% community corrections center ("CCC") policy. Respondents filed an Answer seeking dismissal of the Petition. On December 15, 2005, after the BOP filed its Answer, the United States Court of Appeals for the Third Circuit determined that the BOP's regulations limiting CCC placements to the final 10% of a sentence are invalid. <u>See</u> <u>Woodall v.</u>

Fed. Bureau of Prisons, __ F.3d __ 2005 WL 3436626 (3d Cir. Dec. 15, 2005); 28 C.F.R. §§ 570.20, 570.21. Because Petitioner's projected release date is March 13, 2007, and the BOP does not normally complete an inmate's release preparation plan until 11 to 13 months before the release date, the BOP has not yet completed Petitioner's release preparation plan. This Court is confident that the BOP will comply with the Third Circuit's holding in Woodall and, at least 11 months before Petitioner's release, determine in good faith whether or not Petitioner should be transferred to a CCC after consideration of the factors set forth in 18 U.S.C. § 3621(b). The Court will therefore dismiss the Petition but will authorize Petitioner to renew his application before this Court if the BOP does not comply with Woodall.

## I.  BACKGROUND

Petitioner challenges a change in BOP's longstanding policy of generally designating a CCC or halfway house as the place of confinement for federal prisoners during the final six months of the term of imprisonment. Pursuant to a memorandum from the Office of Legal Counsel in the Department of Justice ("OLC memorandum"), effective December 20, 2002, BOP implemented a policy of limiting designations to a CCC to the lesser of the last 10% of the sentence or six months. Effective February 15, 2005, the BOP adopted regulations, see 28 C.F.R. §§ 570.20, 570.21, which categorically limit the amount of time an inmate may be placed in a CCC to the final 10% of the sentence.

Petitioner is presently serving a 57-month sentence, with a projected release date of March 13, 2007. See United States v. Allen, Crim. No. 02-845 (JEI) (D.N.J. filed Nov. 12, 2002). He challenges the BOP's decision to place him in a CCC for not more than the final 10% of his sentence as contrary to federal law. Petitioner contends that prison officials violated

federal statutory law by limiting his pre-release placement date to 10% of the sentence and abandoning its longstanding practice of generally placing inmates in a CCC for the final six months of the sentence. He seeks an order directing the BOP to consider, in good faith, his period of placement in accordance with the practice prior to December 2002, and to place him in a CCC for the final six months of his sentence.

On November 22, 2005, the BOP filed an Answer, accompanied by the declaration of Michael D. Tafelski and documents relating to Petitioner's claim. Respondents seek dismissal of the Petition for failure to exhaust the Administrative Remedy Procedure, see 28 C.F.R. § 542.10 et seq., and on the grounds that Petitioner has no constitutional or statutory right to placement in a CCC and the Petition does not expressly challenge the legality of the CCC regulations, see 28 C.F.R. §§ 570.20, 570.21. The BOP also argues that the matter is not ripe for adjudication because "a decision as to a CCC referral [] is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date [and] Petitioner's projected release date is March 13, 2007 . . ." (Decl. of Michael D. Tafelski, dated Nov. 21, 2005, ¶ 4.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in

custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall at *6 & n.8; Spencer v. Kemna, 523 U.S. 1 (1998). The Court construes Petitioner's papers as challenging the determination of the BOP that Petitioner is not eligible for CCC placement other than during the final 10% of the sentence. Accordingly, the Court rejects Respondents' argument that the Petition is moot because it does not challenge the regulations.

B.  Exhaustion

Respondents ask this Court to dismiss the Petition on the ground that Petitioner has not exhausted the BOP's three-step Administrative Remedy Program regarding the claim before the Court. Given that the issue in the case involves not the application of the BOP regulations but their validity, this Court will excuse the failure to exhaust. See Woodall, supra, at n.2 ("We agree with the District Court that the purposes of exhaustion would not be served here by requiring [Petitioner] to exhaust his administrative remedies, and we affirm on this matter").

C.  The Merits

On December 15, 2005, after the BOP filed its Answer, the Third Circuit reversed a decision of this Court which dismissed the Petition of James Allen Woodall, a federal prisoner challenging the 2005 regulations. The Court noted that, "[p]rior to December 2002, the BOP regularly considered prisoners for CCC placement for up to six months at the end of a sentence, regardless of the total sentence length. These practices were entirely routine, and were all but

taken for granted by all participants: the BOP, the Probation Office, the U.S. Attorney's Office, the defense bar, and the judiciary." Woodall at *3 (citation, footnote and internal quotation marks omitted). After considering 18 U.S.C. §§ 3621(b) and 3624(c), and congressional intent, the Third Circuit determined that the new BOP regulations are invalid because they run afoul of the BOP's governing statute and congressional intent:

> We agree with the reasoning of those courts that have found the regulations unlawful. The regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Woodall at *6.

The Third Circuit remanded for the following remedy:

> [T]he appropriate remedy is an order requiring the BOP to consider - in good faith - whether or not Woodall should be transferred to a CCC. In making this decision, the BOP should consider the sentencing judge's recommendation and the other § 3621 factors, as well as any other appropriate factors the BOP routinely considers. This should be done without reference to the BOP's 2002 and 2005 policies. It should also be done immediately . . . Accordingly, we will vacate the District Court's order and remand with instructions to grant the writ of habeas corpus conditioned upon the BOP's immediate reconsideration of the decision as to whether to transfer Woodall to a CCC under the § 3621 factors.

Woodall at *13.

In light of Woodall, this Court is confident that the BOP will, at least 11 months before the expiration of Petitioner's sentence on March 13, 2007, consider - in good faith - whether or

not Petitioner should be transferred to a CCC, and that, in making this decision, the BOP will consider the factors set forth in 18 U.S.C. § 3621(b), as well as any other appropriate factors the BOP routinely considers, but without reference to the 2002 policy or 2005 regulations, see 28 C.F.R. §§ 570.20, 570.21.  The Court accordingly dismisses the Petition, but will authorize Petitioner to renew his application before this Court if the BOP does not comply with Woodall.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition but authorizes Petitioner to renew his application before this Court if the BOP does not comply with Woodall.

     s/Freda L. Wolfson
     FREDA L. WOLFSON, U.S.D.J.

Dated:  January   3  , 2006